# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| BILLY D. GRIFFITH, | : | |
| Plaintiff, | : | |
| | | Case No. 3:09cv00213 |
| vs. | : | |
| | | District Judge Walter Herbert Rice |
| MICHAEL J. ASTRUE, | : | Magistrate Judge Sharon L. Ovington |
| Commissioner of the Social Security Administration, | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

## I.   Introduction

On November 22, 2004, Plaintiff Billy D. Griffith, a semi-truck driver and tile setter, applied for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). To be eligible for such benefits Plaintiff had to convince Social Security Administration that he was under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §§423(a), (d), 1382c(a). He was unable to do so and, accordingly, the Social Security Administration denied his SSI and DIB applications.

The Social Security Administration's final denial of Plaintiff's SSI and DIB applications arose from the non-disability determination of Administrative Law Judge (ALJ) Thomas R. McNichols II. (Tr. 15-26). Plaintiff brings the present case challenging ALJ McNichols' decision. This Court has jurisdiction to review the challenged decision. *See* 42 U.S.C. §§405(g), 1383(c)(3).

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

This case is before the Court upon Plaintiff's Statement of Errors (Doc. #9), the Commissioner's Motion to Vacate, Enter Judgment, and Remand for Further Administrative Proceedings (Doc. #15), Plaintiff's Reply to the Commissioner's Motion to Remand (Doc. # 16), the administrative record, and the record as a whole.

## II. Background

### A. The ALJ's Flawed Decision

The parties agree that the ALJ McNichols' decision is flawed. The Commissioner explains, "After ... consideration of the evidence of record and the merits of the claim, Defendant has determined that the Commissioner's final decision [i.e., ALJ McNichols' decision] "contains material inconsistencies and omissions and is not defensible." (Doc. #15 at 1). Plaintiff "wholeheartedly agrees." (Doc. #16 at 1).

The parties, however, disagree over the type of remand that should occur. The Commissioner seeks a remand for further administrative proceedings. Plaintiff seeks a remand for payment of benefits. Resolving this disagreement begins with the ALJ's decision.

### B. The ALJ's Sequential Evaluation

ALJ McNichols' resolved Plaintiff's disability claim by using the five-Step sequential evaluation procedure required by Social Security Regulations. *See* Tr. 16-26; *see also* 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).[2]

ALJ McNichols concluded at Step 1 of the sequential evaluation that Plaintiff had not engaged in any substantial gainful activity since June 26, 2004, the onset date of his claimed disability. (Tr. 18).

The ALJ found at Step 2 that Plaintiff has the following severe impairments: "1)

---

[2] The remaining citations to the Regulations will identify the pertinent DIB Regulation with full knowledge of the corresponding SSI Regulation.

chronic low back pain attributed to degenerative disc disease with bilateral radiculopathy; and 2) depression with anxiety." (Tr. 18).

The ALJ concluded at Step 3 that Plaintiff did not have an impairment or combination of impairments that met or equaled the criteria in the Social Security Regulation's Listing of Impairments. (Tr. 20-21).

At Step 4 the ALJ found:

> [T]he claimant has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §404.1567(b) ... subject to: 1) alternate sitting and standing at intervals of one hour with five minutes of standing at a time; 2) occasional stooping, kneeling, crouch, and crawling; 3) frequent pushing or pulling; 4) no balancing; 5) no climbing of ropes, ladders, or scaffolds; 6) no exposure to hazards; 7) low stress jobs with no production quotas and no fast-paced work; 8) no requirement to maintain concentration on a single task for longer than 15 minutes at a time; 9) limited contact with co-workers and supervisors and no teamwork; and 10) no direct dealing with the general public. By definition, light work ordinarily involves the capacity to lift 25 pounds frequently and 50 pounds occasionally and to engage in a good deal of sitting, standing, or walking.[3]

(Tr. 21-22) (footnote added). The ALJ also found at Step 4 that Plaintiff was able to perform his past relevant work as a truck driver or tile setter. (Tr. 24-25).

At Step 5 the ALJ concluded that Plaintiff could perform a significant number of jobs available in the national economy. (Tr. 25-26).

The ALJ's findings throughout his sequential evaluation led him to ultimately conclude that Plaintiff was not under a disability and was therefore not eligible for DIB or SSI.

---

[3] The ALJ incorrectly states the lifting requirements of light work. *See* Tr. 21-22; *see also* 20 C.F.R. §404.1567(b). Plaintiff notes that the ALJ's error was harmless. (Doc. #16 at 2, n.1).

**III. Reversal And Remand For Benefits Or
Remand For Further Administrative Proceeding**

Under Sentence Four of 42 U.S.C. §405(g), the Court can affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). A judicial award of benefits – as opposed to a remand for further administrative proceedings – is proper either when the evidence of disability is overwhelming or when the evidence of a disability is strong while contrary evidence is weak. *See Faucher v. Secretary of Health & Human Svcs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see, e.g., Felisky v Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994)(remanding for award of benefits).

Defendant acknowledges the material inconsistencies and omissions in the ALJ's decision as follows:

> [T]he ALJ found that Plaintiff was 'limited to light work subject to 'alternate sitting and standing at intervals of one hour with five minutes of standing at a time.' (Tr. 21). The ALJ later reiterated ... that Mr. Griffith was 'limited to just short periods of standing, as his chronic pain and radicular symptoms may be aggravated by long periods of standing or walking. When explaining his hypothetical question to the vocational expert, the ALJ said he was 'thinking of sitting for most of the time, standing for five minutes, sitting back down' (Tr. 489). Based on the ALJ's statements, the ALJ appeared to limit Mr. Griffith to five minutes of standing in an hour. The vocational expert, however, did not appear to understand the ALJ's standing limitation. The vocational expert testified that 20,000 light jobs would be available '[i]f you can be on your feet four hours a day.'

(Doc. #15 at 83). The parties are correct that the ALJ did not ask the vocational expert sufficient questions to elicit her opinion about the number of jobs available to a hypothetical person with all the limitations identified by the ALJ in his assessment of Plaintiff's Residual Functional Capacity. This constituted error. *See Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994); *see also Varley v. Secretary of H.H.S.*, 820 F.2d 777, 779 (6th Cir. 1987). The missing limitation concerned the ALJ's conclusion that Plaintiff

4

could perform light work "subject to: 1) alternate sitting and standing at intervals of one hour with five minutes of standing at a time...." (Tr. 21). Defendant correctly observes that the vocational expert did not appear to understand this limitation. Instead, the vocational expert testified that 20,000 light jobs would be available to a hypothetical person who could be on his feet four hours a day. (Tr. 488-89).

Plaintiff argues: "What Defendant fails to note ... is that the vocational expert testimony implies that the range of light work available to Mr. Griffith would be more limited, if not eliminated...," if all the other limitations identified by the ALJ are combined – especially the ALJ's conclusion that Plaintiff needed to alternate sitting and standing at intervals of one hour with five minutes standing at a time. (Doc. #16 at 87). This contention does not show that a remand for payment of benefits is appropriate. The implication Plaintiff identifies arises from the manner in which the vocational expert was questioned. The ALJ asked the vocational expert several hypothetical questions, adding a limitation to each hypothetical question. His first hypothetical question described a person with many limitations except for the need to alternate sitting and standing at one-hour intervals, five minutes of standing at a time. (Tr. 21-22, 487-88). The vocational expert testified, in part, that 35,000 light jobs would be available to such a hypothetical person. (Tr. 487-88). The ALJ then asked the vocational expert to consider the same hypothetical person who was further hindered in her ability to stand/sit. (Tr. 488-49). It was somewhat unclear to the vocational expert what specific sitting/standing limitation the ALJ was asking about. As a result, the vocational expert did not testify about the proposed need to alternate sitting/standing at one-hour intervals with five minutes of standing. Instead, the vocational expert testified that if person could be on his or her feet four hours a day, while alternating sitting/standing, the number of available light jobs would decrease to from 35,000 to 20,000. (Tr. 489).

Plaintiff correctly identifies an implication here. The vocational expert's testimony implies the existence of an inverse relationship between a person's work

5

limitations and the number of available jobs: the more work limitations a person has, the fewer number of jobs he or she will be able to perform. For this reason, the vocational expert's testimony implies that a hypothetical person with all Plaintiff's limitations – including his need to alternate sitting/standing (one hour standing/five minutes sitting) – would have less jobs available to him than a hypothetical person who was not as limited.

This implication, however, does not assist Plaintiff in gaining an award of benefits on remand because it merely confirms that the vocational expert's testimony did not constitute substantial evidence in support of the ALJ's finding at Step 5 of the sequential evaluation. The lack of such substantial evidence simply exemplifies what Defendant has more generally acknowledged – that the ALJ's decision "contains material inconsistencies and omissions and is not defensible." (Doc. #15 at 1). And the lack of such substantial evidence fails to speak directly to the main issue presented by the parties: whether the record contains overwhelming evidence, or strong evidence where contrary evidence is weak, that Plaintiff was under a disability.

Plaintiff next attempts to demonstrate his entitlement to benefits on remand by explaining that he "was 50 years old when his peripheral neuropathy became an issue. As a person closely approaching advanced age with a limited education and no transferable work skills, [he] is disabled under the Medical-Vocational Guidelines 'Grids' even if he could perform the full range of sedentary work." (Doc. #16 at 88)(footnote omitted) (citing Grid Rule 201.10, 20 C.F.R. Subpart P, Appendix 2, Part 4). Plaintiff accurately describes the elements of Grid Rule 201.10 but does not apply them correctly. To obtain a remand for payment of benefits based on Grid Rule 201.10, the record must contain overwhelming evidence, or strong evidence where contrary evidence is weak, that Plaintiff could perform only sedentary work. Like the plaintiff in *Wright v. Massanari*, 321 F.3d 611, 615 (6th Cir. 2003), Plaintiff in the instant case incorrectly seeks to use the fact that the ALJ found him capable of doing a reduced range of light work to drop him into the category of sedentary jobs. *See Wright*, 321 F.3d at 615. The Grids do not allow

this type of automatic reduction to sedentary work, because the Grids require an exact match of the claimant's characteristics and the requirements of a Grid Rule. *Id*. An exact match does not exist in Plaintiff's case where, as in *Wright*, his work ability is in part limited by non-exertional impairments (depression with anxiety). *See id*. Consequently, the record does not contain overwhelming evidence, or strong evidence where contrary evidence is weak, that Plaintiff's characteristics exactly match those mandated by Grid Rule 201.10.

Plaintiff further contends that he is more limited in his ability to perform work than the ALJ found. In support of this contention, Plaintiff focuses on various errors the ALJ committed when reviewing the medical source opinions of record. However, to characterize the medical source opinions of record as overwhelming evidence, or strong evidence while contrary evidence is weak, would require re-weighing and perhaps fully crediting those opinions to determine if Plaintiff could at most perform sedentary work. Because the record contains some contrary evidence, *see* Tr. 193-200, as well as a prior final non-disability determination, which concluded that Plaintiff could perform a limited range of medium work at age 49, *see* Tr. 36-56, a remand for further administrative consideration, rather than for benefits, is warranted.

For all the above reasons, a remand of this case is warranted under Sentence 4 of 42 U.S.C. §405(g) for further administrative proceedings. On remand the Appeals Council will send Plaintiff's claims to an ALJ who will be directed to: (1) provide Plaintiff with an opportunity to supplement the record and update the medical evidence of record; (2) hold an administrative hearing; (3) obtain supplemental vocational-expert testimony; and (4) re-evaluate Plaintiff's disability claims under the five-step sequential evaluation mandated by the Regulations and case law including – but not limited to – a re-evaluation the medical source opinions of record and a re-evaluation of Plaintiff's residual functional capacity.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's Motion to Vacate, Entry Judgment, and Remand Commissioner's Decision for Further Administrative Proceedings (Doc. #15) be GRANTED;

2. The Commissioner's final non-disability determination be VACATED;

3. Judgment be ENTERED in favor of Plaintiff and against Defendant, and the case be remanded to the Social Security Administration pursuant to Sentence 4 of 42 U.S.C. §405(g) for further proceedings consistent with this Report and any subsequent Decision and Entry; and

4. The case be terminated on the docket of this Court.


May 18, 2010
                 s/Sharon L. Ovington
                   Sharon L. Ovington
               United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).