IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BILLY D. GRIFFITH,                          :

                Plaintiff,           :     Case No. 3:09-CV-213

     vs.                                    :     JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,  :

             Defendant.          :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #17) IN THEIR
ENTIRETY; PLAINTIFF'S OBJECTIONS IN PART TO SAID JUDICIAL
FILING (DOC. #18) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR
OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, VACATING
COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED
AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL
SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE
DEFENDANT COMMISSIONER, PURSUANT TO SENTENCE FOUR OF 42
U.S.C. § 405(g), FOR FURTHER ADMINISTRATIVE PROCEEDINGS;
TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a

decision of the Defendant Commissioner denying Plaintiff's application for Social

Security disability benefits.  On May 18, 2010, the United States Magistrate Judge

filed a Report and Recommendations (Doc. #17), recommending that the

Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled

to benefits under the Social Security Act be vacated and that the captioned cause

be remanded to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further administrative proceedings set forth in the Report and Recommendations. Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #17), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (filed with the Defendant's Answer at Doc. #5), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence, vacating the Commissioner's Final Decision of non-disability and remanding the captioned cause to the Defendant Commissioner, pursuant to Sentence Four of § 405(g), for further administrative proceedings set forth in the Report and Recommendations. The Plaintiff's Objections in part (Doc. #18), to the extent he seeks a remand for the payment of benefits, rather than one for further administrative proceedings, are overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is vacated and the captioned cause remanded for further administrative proceedings.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law)

-3-

against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a

different conclusion.  Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).


    In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

    1.    Having examined the Magistrate Judge's reasoning, recommending a remand for further administrative proceedings, rather than one for the payment of benefits, together with the relevant portions of the Administrative Transcript, this Court cannot conclude, as it must for a remand for the payment of benefits, that evidence of Plaintiff's disability is overwhelming or that such evidence of disability is strong, while contrary evidence is weak.  Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994).


    WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #17) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence.  Plaintiff's Objections in part to said judicial filing (Doc. #18), to the extent he seeks a remand for the payment of benefits, rather than one for further administrative proceedings,  are overruled.  Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner,

vacating the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act and remanding the captioned cause to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings consistent with the Magistrate Judge's Report and Recommendations.   On remand, the ALJ will be directed to:

1.   Provide Plaintiff with an opportunity to supplement the record and update the medical evidence of record;

2.   Hold an administrative hearing;

3.   Obtain supplemental vocational-expert testimony; and

4.   Re-evaluate the Plaintiff's disability claims under the five-step sequential evaluation mandated by the Regulations and case law including, but not limited to, a re-evaluation of the medical source opinions of record and a re-evaluation of Plaintiff's residual functional capacity.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 28, 2010

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

-6-

Copies to:

Counsel of record